# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DENNIS DELIA,

        Plaintiff,

v.   Case No.: 6:21-cv-842-WWB-DCI

NEWREZ, LLC,

        Defendant.
                                                          /

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss the Third Amended Complaint (Doc. 72) and Plaintiff's Opposition (Doc. 75). For the reasons set forth below, Defendant's Motion will be granted.

## I.  BACKGROUND

On June 10, 2005, Plaintiff Dennis Delia refinanced the purchase of his home with a mortgage loan from USAA Federal Savings Bank. (Doc. 66, ¶ 11). The previous servicer of the loan, Ditech Financial, LLC, commenced a foreclosure action against Plaintiff on August 5, 2019.[1] ("**Foreclosure Action**," *Id.* ¶¶ 14–15). Subsequently, Ditech transferred the servicing of Plaintiff's loan to Defendant NewRez, LLC. (*Id.* ¶ 16). As part of the Foreclosure Action, on October 22, 2020, Defendant's employee, Justin Mitchell, filed an affidavit and supporting documentation, ("**Mitchel Affidavit**," Doc. 66-2 at 2–4), that mislabeled attorneys' fees and other non-escrow costs as escrow. (Doc. 66, ¶¶ 23–28). During Mitchell's subsequent deposition on March 11, 2021, ("**Mitchel Deposition**," Doc.

---

[1] *Ditech Fin. LLC v. Delia*, 2019-CA-009560-O (Fla. 9th Cir. Ct. Aug. 5, 2019).

66-4 at 2–60), he testified that Defendant, in the specific documents presented, was seeking sums as escrow that were mislabeled attorneys' fees and other non-escrow items. (Doc. 66, ¶¶ 33–35). As a result, Plaintiff filed the Third Amended Complaint alleging two counts for violations of the Fair Debt Collections Practices Act ("**FDCPA**"), 15 U.S.C. § 1692 *et seq.* (*See generally id.*).

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss the claims against it for "lack of subject-matter jurisdiction." "Attacks on subject matter jurisdiction . . . come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "When jurisdiction is properly challenged, a plaintiff has the burden of showing jurisdiction exists." *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl-19UAM, 2008 WL 276030, at *2 (M.D. Fla. Jan. 31, 2008).

A party may also move to dismiss the claims against it for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader

2

is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendant moves to dismiss the Third Amended Complaint in its entirety. Defendant argues dismissal with prejudice is warranted because Plaintiff lacks standing, Plaintiff's claims are barred by the applicable statute of limitations, and Plaintiff fails to state a claim upon which relief can be granted. Plaintiff disputes each of these grounds for dismissal.

### A. Standing

The Court must first address standing. *See DiMaio v. Democratic Nat'l. Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008) ("[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims."). Defendant argues that Plaintiff fails to sufficiently assert facts demonstrating he suffered

an injury in fact or establishing a causal link between Defendant's alleged FDCPA violations and Plaintiff's injuries. "A plaintiff has Article III standing if [he] can establish (1) an injury in fact (2) that is fairly traceable to the defendant's conduct and (3) that is redressable by a favorable decision." *Laufer v. Arpan LLC*, 29 F.4th 1268, 1272 (11th Cir. 2022) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "The foremost standing requirement is injury in fact. An injury in fact consists of an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (quotations omitted). "Because the elements of standing 'are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation.'" *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (quoting *Lujan*, 504 U.S. at 561). "[Courts] evaluate standing on a motion to dismiss based on the facts alleged in the complaint[.]" *Aaron Priv. Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1336 (11th Cir. 2019) (citation omitted).

In the Third Amended Complaint, Plaintiff alleges that due to Defendant's purported FDCPA violations, he "suffered damage including but not limited to loss of his ability to sell his home and use the proceeds of sale, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, constant fear of dispossession, frustration, aggravation, humiliation, embarrassment, despair, and substantial attorneys' fees." (Doc. 66, ¶¶ 29, 36). In his Response, Plaintiff specifically relies upon the following alleged

4

harms: "the loss of his ability to sell his house, pain and suffering and mental anguish." (Doc. 75 at 11).[2] The Court will address each injury in turn.

Plaintiff's first injury—the loss of his ability to sell his house—fails to establish standing. Defendant argues that traceability cannot be met because Plaintiff's alleged inability to sell his home is the result of the Foreclosure Action, rather than Defendant's statements in the Mitchell Affidavit and the Mitchell Deposition—Defendant's challenged conduct at issue in this case. This Court agrees. Plaintiff fails to address this argument or otherwise explain how traceability is satisfied. "Each element of standing is 'an indispensable part of the plaintiff's case[.]'" *Aaron Priv. Clinic Mgmt. LLC*, 912 F.3d at 1336 (quoting *Lujan*, 504 U.S. at 561). Therefore, Plaintiff has failed to meet his burden demonstrating the alleged loss of his ability to sell his home establishes Article III standing.

Plaintiff's alleged pain and suffering and mental anguish, on the other hand, is sufficient to establish an injury in fact. In support of its argument that Plaintiff failed to allege an injury in fact, Defendant cites to *Trichell*, which held that FDCPA plaintiffs who received objectively misleading debt collection letters but were not personally misled did not suffer a concrete injury. 964 F.3d at 998. However, the *Trichell* plaintiffs did not allege emotional harm as Plaintiff does here. *See Mraz v. I.C. Sys., Inc.*, No. 2:18-cv-254-FtM, 2020 WL 5876947, at *2 (M.D. Fla. Oct. 2, 2020). To date, the Eleventh Circuit has "not

---

[2] In his Response, Plaintiff further asserts that he "has clearly been damaged as to cure the debt he has to pay $103,666.09 that is not really owed on the debt." (Doc. 75 at 12). However, such harm was not specifically alleged in the Third Amended Complaint, and "a plaintiff cannot amend a complaint through arguments in briefs." *Henderson v. McMurray*, 611 F. Supp. 3d 1287, 1295 (N.D. Ala. 2020); *see also Aaron Priv. Clinic Mgmt. LLC*, 912 F.3d at 1336.

5

yet decided in a published opinion whether emotional distress alone is a sufficiently concrete injury for standing purposes" in the FDCPA context. *Toste v. Beach Club at Fontainebleau Park Condo. Ass'n*, No. 21-14348, 2022 WL 4091738, at *4 (11th Cir. Sept. 7, 2022). However, courts in this Circuit have found allegations of emotional harm sufficient to establish a concrete injury when considering facial challenges to standing at the motion to dismiss stage. *See, e.g.*, *Nguyen v. Atlanta Postal Credit Union*, No. 1:21-CV-563, 2022 WL 2389226, at *4–5 (N.D. Ga. Feb. 16, 2022), *report and recommendation adopted*, 2022 WL 2389146 (N.D. Ga. Mar. 30, 2022); *Shoemaker v. Nationwide Recovery Serv., Inc.*, No. 1:20-CV-3002, 2021 WL 7708409, at *4 (N.D. Ga. May 25, 2021), *report and recommendation adopted*, 2021 WL 7708529 (N.D. Ga. June 14, 2021); *Mraz*, 2020 WL 5876947, at *2; *see also Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943–44 (11th Cir. 2021); *Kottler v. Gulf Coast Collection Bureau, Inc.*, 847 F. App'x 542, 543 (11th Cir. 2021); *Rivas v. Midland Funding, LLC*, 842 F. App'x 483, 486 (11th Cir. 2021). Therefore, the Court is satisfied that Plaintiff has alleged harm sufficient survive dismissal.

As to traceability, Plaintiff's alleged harm of pain and suffering and mental anguish could plausibly be attributed to Defendant's purported FDCPA violations as Plaintiff alleges. "[W]hen standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing." *Bischoff v. Osceola Cnty.*, 222 F.3d 874, 878 (11th Cir. 2000). Thus, although a close call, the Court is satisfied that, at this stage of the proceedings, Plaintiff has

alleged an injury in fact and traceability sufficient to facially demonstrate Article III standing.[3]

### B. Statute of Limitations

Next, Defendant asserts that Plaintiff's claims are barred by the statute of limitations. "[D]ismissal for failure to state a claim on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Karantsalis v. City of Mia. Springs*, 17 F.4th 1316, 1319–20 (11th Cir. 2021) (quotation omitted). The FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). *See also Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 929 (11th Cir. 2017) ("[An] FDCPA claim is subject to a one-year statute of limitations.").

This action was filed on May 13, 2021. (Doc. 1 at 1). Defendant argues that the alleged violations are based on actions and filings within the Foreclosure Action and, therefore, Plaintiff's claims are barred by the statute of limitations because the Foreclosure Action was filed and served on Plaintiff in August 2019, over a year prior to the filing of the instant action. (Doc. 72-1).[4] In response, Plaintiff argues that the filing of the Foreclosure Action is not the basis of Defendant's alleged FDCPA violations and

---

[3] Defendant does not specifically challenge redressability, but the Court is satisfied that this element is also met at this stage of the proceedings, as Plaintiff seeks to recover actual and statutory damages.

[4] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the attached filings from the Foreclosure Action, (Doc. Nos. 72-1–72-6). *See also McCone v. Thorpe*, 828 F. App'x 697, 698 (11th Cir. 2020) ("A district court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment.").

7

instead points to Defendant's representations in the Mitchell Affidavit on October 22, 2020, and in the Mitchell Deposition on March 11, 2021—both of which occurred within one year of filing the instant action.

Based on the allegations set forth in the Third Amended Complaint, the Court finds that Plaintiff's claims are barred by the statute of limitations. "Continuing a claim through litigation does not create a new violation of the FDCPA each time a document is created. In order to cause a new violation during the course of litigation, and therefore a new statute of limitations, the new violation must not be a continuation of the original violation." *Rolin v. Cach, LLC*, No. 8:14-cv-1543, 2015 WL 4068553, at *2 (M.D. Fla. July 2, 2015); *see also Tacoronte v. Cohen*, No. 6:13-cv-418-Orl, 2014 WL 12873364, at *4 (M.D. Fla. May 9, 2014) ("Courts . . . have rejected the notion that, for limitations purposes, each action taken in the course of litigating a collection case constitutes a new or continuing violation."). While Plaintiff argues that he does not base his FDCPA claims on the initial filing of the Foreclosure Action, his briefing tells a different story. Plaintiff's "position is that the FDCPA was not violated when the Notice of Default or [the Foreclosure Action] were initially served on him . . . because those documents, on their face, do not reflect illegal attempts to collect a debt." (Doc. 75 at 5; *see also* Doc. 66-1 at 2–7, Doc. 66-2 at 87–90). In other words, Plaintiff contends that he did not know of the alleged FDCPA violations until the Mitchell Deposition, so only at that point did Defendant's debt collection activities violate the FDCPA, thereby triggering the statute of limitations. However, "the limitation period on an FDCPA violation begins to run from the date of the violation—not the date when it is discovered by the plaintiff." *Stewart v. Bureaus Inv. Grp. No. 1, LLC*, 24 F. Supp. 3d 1142, 1159 (M.D. Ala. 2014); *see also Cooper v. F.A. Mgmt. Sols., Inc.*, No. 8:06-CV-

751-T, 2007 WL 4326800, at *4 (M.D. Fla. Dec. 7, 2007) ("The FDCPA . . . does not contain a general discovery rule, that is, an exception providing that the one year limitation period begins to run when a debtor 'knows or has reason to know' of a violation of the Act.").

At the heart of Plaintiff's claims, he is challenging the validity of the amount Defendant seeks to collect from Plaintiff in the Foreclosure Action and argues that Defendant has mislabeled non-escrow items as escrow, which are not owed. (*See* Doc. 66, ¶¶ 10–12, 23–28, 33–35). It is clear from the face of the Third Amended Complaint that Defendant's representations in the Mitchell Affidavit and Mitchell Deposition were made in furtherance of the Foreclosure Action, rather than constituting a new and separate debt collection activity. *See Melford v. Kahane & Assocs.*, No. 18-cv-60881, 2019 WL 8808148, at *4 (S.D. Fla. Jan. 16, 2019) (holding that an FDCPA claim was time barred where "the litigation conduct that Plaintiff alleges constitutes discrete FDCPA violations involves Defendants asserting that Plaintiff owed the full amount of the subject debt, which is the very basis for the filing of the State Court Action"); *Farrell v. Patrick A. Carey, P.A.*, No. 6:12-cv-1206-Orl, 2012 WL 6803654, at *3 (M.D. Fla. Dec. 19, 2012), ("[The] filing of a brief in opposition to a motion to dismiss, which did not contain any new or unique misrepresentation separate from what was previously in the initial complaint, amounts to nothing more than merely maintaining a lawsuit and does not constitute a new or continuing violation[.]" (quotation and citation omitted)), *report and recommendation adopted*, 2013 WL 85132 (M.D. Fla. Jan. 8, 2013). Therefore, because the Foreclosure Action was filed and served on Plaintiff in August 2019 and this action was not filed until May 13, 2021, Plaintiff's FDCPA claims are time barred.

IV.  **CONCLUSION**

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss the Third Amended Complaint (Doc. 72) is **GRANTED in part** as set forth in this Order and **DENIED** in all other respects.
2. The Third Amended Complaint (Doc. 66) is **DISMISSED with prejudice**.
3. All other motions are **DENIED as moot**.
4. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on May 3, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record