**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DENNIS DELIA,

Plaintiff,

v. Case No.: 6:21-cv-842-WWB-DCI

NEWREZ, LLC,

Defendant.
_______________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion for Rule 11 Sanctions (Doc. 95) and Plaintiff's Opposition (Doc. 96) thereto. For the reasons set forth below, the Motion will be denied.

## I. BACKGROUND

On June 10, 2005, Plaintiff Dennis Delia refinanced the purchase of his home with a mortgage loan from USAA Federal Savings Bank. (Doc. 66, ¶ 11). The previous servicer of the loan, Ditech Financial, LLC ("**Ditech**"), commenced a foreclosure action against Plaintiff on August 5, 2019.[1] ("**Foreclosure Action**," *Id.* ¶¶ 14–15). Thereafter, Ditech transferred the servicing of Plaintiff's loan to Defendant NewRez, LLC. (*Id.* ¶ 16). As part of the Foreclosure Action, Defendant's employee, Justin Mitchell, filed an affidavit on October 22, 2020 ("**Mitchell Affidavit**"), along with supporting documentation, that mislabeled attorneys' fees and other non-escrow costs as escrow when detailing the debt at issue in the Foreclosure Action. (*Id.* ¶¶ 23–28; Doc. 66-2 at 2–4). During Mitchell's

---

[1] *Ditech Fin. LLC v. Delia*, 2019-CA-009560-O (Fla. 9th Cir. Ct. Aug. 5, 2019).

subsequent deposition on March 11, 2021 ("**Mitchell Deposition**"), he testified that Defendant, in the specific documents presented, was seeking sums as escrow that were mislabeled attorneys' fees and other non-escrow items in the Foreclosure Action. (Doc. 66, ¶ 35; Doc. 66-4 at 2–60). As a result, Plaintiff filed the Third Amended Complaint, (Doc. 66), alleging two counts for violations of the Fair Debt Collections Practices Act ("**FDCPA**"), 15 U.S.C. § 1692 *et seq*.

Defendant filed a Motion to Dismiss (Doc. 72) the Third Amended Complaint, arguing that Plaintiff lacked standing, his claims were time barred, and he failed to state a claim upon which relief can be granted. The Court granted Defendant's Motion and dismissed the Third Amended Complaint with prejudice. ("**Dismissal Order**," Doc. 93 at 10). In doing so, the Court concluded that although Plaintiff had alleged sufficient injury to facially demonstrate standing, the FDCPA claims were barred by the applicable statute of limitations. (*Id.* at 3–9). Defendant then filed the instant motion for sanctions and, shortly thereafter, Plaintiff appealed the Dismissal Order. (*See* Doc. 97 at 1).

On Plaintiff's appeal of the Dismissal Order, the Eleventh Circuit affirmed, holding the introduction of the Mitchell Affidavit was not independently actionable under the FDCPA, and Plaintiff's claims were thus time barred. (Doc. 100 at 9–10). The Circuit Court stated that it had "not previously addressed in a published opinion what actions trigger the statute of limitations for an FDCPA claim when the alleged violation occurs within the context of a debt-collection lawsuit." (*Id.* at 7). Finally, having determined that the FDCPA claims were "part and parcel" of the earlier Foreclosure Action, the Circuit Court declined to consider whether Plaintiff had an independent basis for standing as to those claims. (*Id.* at 11).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides that, by filing a motion or pleading, an attorney certifies that to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(b)(2) and (b)(3) go to whether a claim is legally or factually frivolous. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 664 (11th Cir. 2010). "[A] litigant's obligations with respect to the contents" of pleadings or motions "are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996) (quoting Fed. R. Civ. P. 11(b), (c) advisory committee's note to 1993 amend.).

Rule 11(c) permits sanctions for any violation of Rule 11(b). "The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (quotation omitted). Sanctions are appropriate "(1) when a party files a pleading

that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)). Courts assess litigants' conduct under Rule 11 by a standard of "reasonableness under the circumstances." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). This requires a two-step inquiry. First, the court determines whether the party's claims are objectively frivolous. *Baker*, 158 F.3d at 524. Then, the court must examine whether the person signing the pleadings should have been aware that the pleadings were frivolous when filed. *Id.* Sanctions are ultimately appropriate where a claimant or signing attorney exhibits a "deliberate indifference to obvious facts." *Id.*

Rule 11(c)(2) also requires that a movant must file a separate motion for sanctions and serve that motion upon the offending party before filing the motion with the Court. The movant must allow the offending party twenty-one days to withdraw or correct the pleading or motion at issue. Fed. R. Civ. P. 11(c)(2). If the pleading or motion is not withdrawn or corrected within that period, the movant may file its motion with the Court.

## III. DISCUSSION

Defendants contend that Plaintiff's Third Amended Complaint is frivolous because (1) Plaintiff's FDCPA claims were time-barred; (2) the FDCPA claims failed to state a claim upon which relief could be granted; and (3) Plaintiff lacked standing to bring his FDCPA claims.

**A. Statute of Limitations**

Defendant first argues that Plaintiff's FDCPA claims were objectively frivolous because before Plaintiff had filed suit, a "dearth of binding precedent" had already established that litigation activity in an existing state court collection action cannot be, as a matter of law, a new or continuing FDCPA violation. (Doc. 95 at 12–14). As a result, Defendant insists the statute of limitations clearly barred this action. But there was no such binding precedent when this suit was filed. Prior to the opinion affirming dismissal of this case, the Eleventh Circuit had not addressed what actions trigger the statute of limitations for an FDCPA claim arising in the context of debt-collection litigation. (Doc. 100 at 7). This lack of binding authority forecloses a conclusion that Plaintiff's claims were objectively frivolous. *Cf. Steines v. Westgate Palace, L.L.C.*, No. 6:22-cv-629, 2023 WL 2761108, at *1 (M.D. Fla. Jan. 20, 2023) ("[T]he appeal of novel issues is not frivolous." (citing *Suazo v. NCL (Bah.), Ltd.*, 822 F.3d 543, 556 (11th Cir. 2016) (denying sanctions, because when "an appeal requires a court to decide an issue of first impression in a circuit court, it is not frivolous."))).

Further, the district court cases Defendant cites do not support its proposition. Instead, those cases affirm that litigation conduct *can* be actionable under the FDCPA, provided that a plaintiff alleges that "the conduct is a violation of the FDCPA independent of the act of filing suit." *Farrell v. Patrick A. Carey, P.A.*, No. 6:12-cv-1206-Orl, 2012 WL 6803654, at *3 (M.D. Fla. Dec. 19, 2012) (quotation omitted), *report and recommendation adopted*, 2013 WL 85132 (M.D. Fla. Jan. 8, 2013); *see also Melford v. Kahane & Assocs.*, No. 18-cv-60881, 2019 WL 8808148, at *4 (S.D. Fla. Jan. 16, 2019) (finding "litigation activity may constitute an FDCPA violation," but not where the alleged conduct is merely

"the continuation of the course of litigation"); *Rolin v. Cach, LLC*, No. 8:14-cv-1543, 2015 WL 4068553, at *3 (M.D. Fla. July 2, 2015) (same); *Jacobbi v. Ansbacher Law*, No. 3:15-cv-953-J, 2016 WL 11578469, at *2 (M.D. Fla. Sept. 28, 2016) (same), *report and recommendation adopted as modified*, 2016 WL 11578476 (M.D. Fla. Nov. 4, 2016). It was, therefore, not objectively frivolous for Plaintiff to raise the Mitchell Affidavit as the basis for a new, timely FDCPA claim.

**B. Failure to State a Claim**

Defendant next contends that this suit was objectively frivolous because Plaintiff failed to state an essential element of his claim, namely that Plaintiff had been "misled, deceived or otherwise duped" by the Mitchell Affidavit and Mitchell Deposition. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1307 (11th Cir. 2015) (quotation omitted) (affirming dismissal of FDCPA claim where the plaintiff failed to allege how the defendant's reply misled him). In doing so, Defendant repeats nearly verbatim its argument from the Motion to Dismiss. (Doc. 72 at 9–12). As a result, Defendant fails to meaningfully engage with the applicable standard for issuing sanctions, and instead equates inadequate pleading under Rule 8 with an objectively frivolous argument in violation of Rule 11. Moreover, Defendant's argument is untrue. Plaintiff did allege that the Mitchell Affidavit misrepresented the amount owed in the Foreclosure Action. (Doc. 66, ¶ 26). This is sufficient, at least, to allege the Mitchell Affidavit was "misleading or deceptive in the traditional sense" because it "erroneously state[s] the amount of the debt owed." *Miljkovic*, 791 F.3d at 1306. Whether or not Plaintiff's pleading could have ultimately supported his claim, it was not contrary to existing law or otherwise frivolous.

### C. Standing

Defendant finally argues that the Third Amended Complaint was frivolous because Plaintiff lacked standing to bring his claims. Again, however, Defendant merely repeats arguments—almost word for word—already made in the Motion to Dismiss. The Court had already considered these arguments and concluded that Plaintiff had standing to bring this suit before Defendant filed the instant motion. (Doc. 93 at 3–7). The Eleventh Circuit did not disturb this conclusion. (Doc. 100 at 11). Plaintiff's asserted standing in this case was, therefore, not objectively frivolous.

## IV. CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Rule 11 Sanctions (Doc. 95) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 15, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record